**Ann Jacquot**
Jacquot Law, PLLC
7671 N. 4th Street
Dalton Gardens, ID 83815
208-209-6399
Fax:  208-209-6399
ISBA No. 7642

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## SOUTHERN DIVISION

| | |
|---|---|
| **MICKEY CLANCY**,<br><br>     Plaintiff,<br><br>v.<br><br>**PALISADES COLLECTION, L.L.C.**, and<br>**DOES 1-50**,<br><br>     Defendants. | Case No. 1:13-CV-395<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

### JURISDICTION

1.   Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

2.   This action arises out of the defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), along with supplemental state claims.

3.    Since defendants do business within Idaho, there is personal jurisdiction.

### VENUE

4.    Venue is proper pursuant to 28 U.S.C. § 1391.

5.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

6. Mickey Clancy ("Plaintiff") is, and at all times herein mentioned was, a natural person residing in the State of Idaho.

7. Palisades Collection L.L.C. ("Defendant") is, and at all times herein mentioned was, a limited liability company which conducts business in the State of Idaho. Palisades Collection L.L.C.is a debt collection company whose conduct is regulated by the state and federal Fair Debt Collection Practices Act codified Title 15 USC 1692 et seq,.

8. Defendant and Defendants refer to all defendants, name and unnamed, as plaintiff alleges each are jointly and severally liable for the conduct alleged herein.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1-50 inclusive, are unknown to Plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

## FACTUAL ALLEGATIONS

10. On April 16th 2010, NCO-MBNA sued Plaintiff for a debt of $3,426.99 in the District Court of Idaho in and for the County of Bonneville in Case Number 10-2339 ("Case Number 10-2339").

11. At some point during Case Number 10-2339, the plaintiff in that case (NCO-MBNA) was replaced with Great Seneca Financial Corporation.

12. On 16 September 2010, Great Seneca Financial Corporation dismissed Case Number 10-2339 *with prejudice*.

13. In 2012, Defendant sent Plaintiff an IRS Form 1099-C, Cancellation of Debt, in the amount of $1,826.92. This form 1099-C indicated that the account number was 14229323. The outside of this correspondence illegally indicated that it was from a debt collector by using the return address of Palisades Collection L.L.C. (Exhibit A.)

14. On 6 December 2012, Defendant sent Plaintiff a demand for payment of $1,600.07. This demand indicated that the previous creditor was "Great Seneca" in relationship to account number 14229323. (Exhibit B.)

15. The sum of the IRS Form 1099-C ($1,826.92) and the demand for payment of the Great Seneca Debt ($1,600.07) equals $3426.99, which is the amount Great Seneca Corporation dismissed with prejudice in Case Number 10-2339.

16. The debt Defendant is attempting to collect was a consumer debt as defined by the federal Fair Debt Collection Practices Act (Title 15 USC 1692 et seq.)

17. Defendant engaged in conduct the natural consequence of which was to abuse and harass.

18. Defendant made false, deceptive and misleading statements in an illegal attempt to collect a debt that was not owed; thus engaging in conduct it could not lawfully take.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

19. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

20. Defendants' acts and omissions, and course of conduct as more fully described above constitute numerous and multiple violations of the FDCPA, 15 U.S.C. §1692 et seq.

21. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

**COUNT II**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY**
**REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY**

22. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 to 18 above as though fully stated herein.

23. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
>
> 15 U.S.C. § 1692(a) (*emphasis added*).

24. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.
>
> 15 U.S.C. § 6801(a) (*emphasis added*).

25. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff,

namely, by sending a mailing on which Defendant's business name, Palisades Collection L.L.C., was printed as the return address and thereby invaded Plaintiff's privacy.

26. Defendants' abusive and improper collection practices in the collection of this debt constituted a substantial invasion upon Plaintiff's seclusion and privacy, and would be highly offensive to a reasonable person.

27. Defendants intended to cause emotional distress, and/or engaged in reckless disregard of the probability of causing Plaintiff emotional distress.

28. As a proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

29. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

**COUNT III**
**NEGLIGENCE**

30. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 to 18 above as though fully stated herein.

31. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligent infliction of emotional distress.

32. Plaintiff suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress.

33. Defendants' conduct as described herein was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner. Defendants knew, or reasonably should have known the debt was not owed, and therefore conducted their business in a negligent manner.

34. Defendants' actions and omissions demonstrate a conscious disregard of the rights or safety of others, and despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights.

35. Plaintiff suffered damages due to Defendants' actions in an amount to be determined at trial.

36. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendants as described herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY
## REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT III
## NEGLIGENCE

- for an award of punitive damages from each and every Defendant for the emotional

  distress suffered as a result of the negligent FDCPA violations and negligent invasions of

  privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.


Respectfully submitted,


_____          _____

Ann Jacquot, Attorney for Plaintiff                          Date


## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.


_____          _____

Ann Jacquot, Attorney for Plaintiff                          Date

## **VERIFICATION OF COMPLAINT**

**STATE OF IDAHO**          )
                                         )
**COUNTY OF KOOTENAI** )


Plaintiff Mickey Clancy, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief, which was formed after reasonable inquiry.
3. I believe the Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe the Complaint is not interposed for any improper purpose, such as to harass the Defendant(s).
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit and document I have provided to my attorneys is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, or modified any documents provided to my attorney with the exception of some handwritten annotations.


_____

Mickey Clancy

Subscribed and sworn to me on this _____ day of _____, 20_____.


_____

Notary Public